STACEY N. SHESTON, Bar No. 186016
stacey.sheston@bbklaw.com
LAURA J. FOWLER, Bar No. 186097
laura.fowler@bbklaw.com
Best Best & Krieger LLP
500 Capitol Mall
Suite 1700
Sacramento, CA  95814
Telephone:  (916) 325-4000
Facsimile:  (916) 325-4010

Attorneys for Defendants
City of Roseville, Chief Daniel Hahn, Captain
Stefan Moore, and Lieutenant Cal Walstad

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANELLE PEREZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF ROSEVILLE, ROSEVILLE POLICE DEPARTMENT, CHIEF DANIEL HAHN, an individual; CAPTAIN STEPHAN MOORE, an individual; and LIEUTENANT CAL WALSTAD, an individual,<br><br>Defendants. | No.  2:13-cv-02150-GEB-DAD<br><br>**STIPULATION AND PROTECTIVE ORDER** |

On or about October 16, 2013, Plaintiff Janelle Perez ("Plaintiff") commenced this action, alleging a variety of claims arising out of the termination of her employment with the City of Roseville.  She names as defendants the City of Roseville, Chief Daniel Hahn, Captain Stefan Moore (erroneously sued as "Stephan Moore"), and Lieutenant Cal Walstad ("Defendants").[1] Plaintiff and Defendants are collectively referred to herein as "Parties."

/ / /

---

[1] Although Plaintiff also names "Roseville Police Department," the Roseville Police Department is not a separate entity, distinct from the City of Roseville.

**RECITALS**

1. The Parties to this action anticipate the exchange or disclosure of information which is treated as confidential by one or both of the Parties (including personnel information related to third parties).

2. To facilitate the discovery and disclosure of confidential information in the course of this litigation, the Parties have agreed to enter into a protective order.

It is hereby stipulated and agreed that, subject to the approval of the District Judge, the Court shall issue the following protective order to govern the handling of confidential material in these proceedings:

**PROTECTIVE ORDER**

1. The term "Confidential Material" shall mean information which is not publicly available, including, but not limited to, personnel information maintained by the City pertaining to individuals who are or were City employees and who are not parties to this lawsuit.

2. Any information, document, or thing produced in connection with this litigation that is reasonably believed by the producing party or any of the parties to contain such private information may be designated as **Confidential Material**.  Such designation shall be made pursuant to a bona fide determination that such materials or information contain or reveal confidential personnel information.  Such designation may be made by stamping or otherwise marking the material as "Confidential" or "Confidential Material Subject to Protective Order." As used herein, Confidential Material can include: (a) all papers, tapes, documents (including answers to interrogatories or requests for admission), disks, diskettes, and other tangible things produced by or obtained from any person in connection with this litigation; (b) transcripts of depositions herein and exhibits thereto; and (c) all copies, extracts, and complete or partial summaries prepared from such papers, documents or things.

3. Counsel for Defendants and counsel for Plaintiff shall personally secure and maintain the protected documents in their possession to the end that said protected documents are to be used only for the purposes set forth below and for no other purpose.

///

4. The protected documents shall be used only in preparation for and in the prosecution or defense of this case, pending completion of the judicial process, including appeal. Use of Confidential Material is limited to this particular matter. The Confidential Material shall not be used by Plaintiff or Plaintiff's attorneys or any other individual in any other legal proceeding or for any other purpose. The protected documents will remain protected from disclosure after completion of the judicial process in this matter. Before filing any documents produced pursuant to this Protective Order with the Court, the filing party shall request to file the documents under seal in accordance with Local Rule 141, Local Rule 141.1, and the "good cause" standard articulated in *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). In the event the Court denies the request to file documents under seal, the filing party shall provide notice of that denial to all parties.

5. Protected documents can be filed with the Court in this matter – either under seal (if the request to file under seal is granted) or as a regular filing (if the request to file under seal is denied). Beyond filing documents with the Court in this matter, protected documents shall not be otherwise disseminated publicly or otherwise produced to any other individuals, entities, or parties. Under no circumstances shall the confidential information be used in any proceeding other than this action.

6. The parties and the attorneys for Defendants and the attorneys for Plaintiff, including any and all investigators, paralegal assistants or other consultants or agents hired to assist the attorneys for the parties in this action, shall at all times maintain the confidentially of all Confidential Information produced in this action. No one shall input any Confidential Information – either orally on by writing – into any file, computer program, or database, or list manually in any file, manual, notebook, listing, or other writing, except any computer program or case file, manual, notebook, listing, or other writing maintained specifically for this action. No one shall copy or divulge said information, either in writing or orally, except as authorized by this Protective Order.

7. If Confidential Material is disclosed at a deposition, only those persons who are authorized by the terms of this order to receive such material may be present. The portions of the

1  transcripts of all testimony designated as Confidential Material shall be separately bound by the
2  reporter in booklets bearing the appropriate designation.  If any document or information
3  designated as Confidential Material pursuant to this Order is used during the course of a
4  deposition herein, that portion of the deposition record reflecting such material shall be stamped
5  with the appropriate designation and access thereto shall be limited pursuant to the terms of this
6  Order.

7      8.  If Confidential Material is inadvertently disclosed to any person other than in the
8  manner authorized by this Order, the party responsible for the disclosure must immediately
9  inform the producing party of all pertinent facts relating to such disclosure and shall make every
10 effort to obtain the return of the Confidential Material and to prevent disclosure by each
11 unauthorized person who received such information.

12     9.  At the conclusion of this action (after any appeals have been exhausted or the time
13 for them has expired), the attorneys for the parties shall either destroy, or return to the producing
14 party, all originals or copies of all Confidential Information produced in this action, including
15 without limitation, any delivered by the attorneys for either party to any third party agent.  The
16 parties shall return any copies of any Confidential Material in their possession and produced in
17 the course of this action to their respective attorneys for disposal as specified above.

18     10.  Each person before receiving a copy of a protected document shall be given a copy
19 of this Protective Order and a compliance agreement (in the form attached hereto as **Exhibit A**),
20 and shall execute the compliance agreement and return the original of the compliance agreement
21 to the attorney who gives him/her the copy of the protected document(s).  It shall be the
22 responsibility of the respective attorneys to distribute compliance agreements and then collect and
23 maintain custody of the executed originals of the compliance agreements.  At the conclusion of
24 the legal proceedings in this matter, each person who has received a copy of protected documents
25 shall return all such protected documents to the attorneys for the party who gave him/her the copy
26 of the protected documents.

27     11.  This Stipulation may be executed in counterparts, and fax copies shall constitute
28 good evidence of such execution.

LAW OFFICES OF
BEST BEST & KRIEGER LLP
500 CAPITOL MALL, SUITE 1700
SACRAMENTO, CA 95814

12.     Disobedience of this Protective Order may be treated as a Contempt of Court.

**IT IS SO STIPULATED.**

Dated:  January 20, 2015               BEST BEST & KRIEGER LLP

                                       By:   */s/Stacey N. Sheston*
                                             STACEY N. SHESTON
                                             Attorneys for Defendants
                                             City of Roseville, Chief Daniel Hahn, Captain
                                             Stefan Moore and Lieutenant Cal Walstad

Dated:  January 14, 2015               GOYETTE & ASSOCIATES, INC.

                                       BY:  */s/Sean D. O'Dowd (as authorized on 1/14/15)*
                                             PAUL Q. GOYETTE
                                             Attorneys for Plaintiff
                                             Janelle Perez

**ORDER**

Pursuant to the parties' stipulation, **IT IS SO ORDERED.**

Dated:  January 20, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1\orders.civil
perez2150.stip.prot.ord.doc

# EXHIBIT "A"

## AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

I hereby acknowledge that I have carefully read the Stipulated Protective Order issued by the U.S. District Court (the "Court"), dated _____, 2015 in the above-captioned case (the "Order"), and that I fully understand the terms of the Court's Order, a copy of which is attached. I recognize that I am bound by the terms of that Order, and I agree to comply with those terms. I agree not to disclose information designated thereunder as "Confidential Material" to any person not entitled to access to such information. I further agree to use Confidential Material only in connection with this litigation, and not for any other purpose, including business, competitive or governmental purpose or function. I hereby consent to the jurisdiction of the Court to enforce that Order including, without limitation, any proceeding related to contempt of court.

Executed this ____ day of _____, 20___, at _____,
_____.


Name:_____

Affiliation:_____

Business Address:_____

Home Address:_____

LAW OFFICES OF
BEST BEST & KRIEGER LLP
500 CAPITOL MALL, SUITE 1700
SACRAMENTO, CA 95814