UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANELLE PEREZ,<br><br>        Plaintiff,<br><br>  v.<br><br>CITY OF ROSEVILLE; ROSEVILLE POLICE DEPARTMENT; CHIEF DANIEL HAHN, an individual; CAPTAIN STEPHAN MOORE, an individual; and LIEUTENANT CAL WALSTAD, an individual;<br><br>        Defendants. | No. 2:13-cv-02150-GEB-DAD<br><br>**ORDER DENYING PLAINTIFF'S SEALING REQUEST** |

    On April 27, 2015, Plaintiff filed a Request to Seal Documents, in which she states in relevant part as follows:

> On January 21, 2015, this Court entered a Protective Order (Doc. #20) which barred from public dissemination any personnel information of individuals "who are or were City employees and who are not parties to this lawsuit." Based on that definition, Plaintiff believes portions of the materials she intends to submit in opposition to Defendants' Motion for Summary Judgment fall under the rules and guidelines for submitting documents under seal.
>
> Thus, Plaintiff respectfully requests this Court file the following documents (which are attached to the supporting declaration of Sean D. O'Dowd in Opposition to Defendants' Motion for Summary Judgment, submitted herewith) under seal:
>
>     a.    Excerpts from Volume II of the Deposition of Daniel Hahn;

1

|   |   |   |
|---|---|---|
|   | b. | Excerpts from Volume II of the Deposition of Stefan Moore |
|   | c. | Certain documents produced by Defendants, specifically, "Roseville 1077-1134." |
| 3. |   | These documents are consecutively paginated from 1-70. |

      The aforementioned documents are requested to be sealed pursuant to the Eastern District of California Local Rule 140 (Privacy Concerns and Redaction) and 141 (Sealing of Documents), as well as Fed. R. Civ. P. 5.2 (Privacy Protection for Filing Made with the Court).

(Pl.'s Req. Seal, ECF No. 42.)

      Plaintiff neither "e-mailed to the [undersigned] Judge['s] . . . proposed orders e-mail box[,]" nor "submitted on paper to the Clerk" the documents sought to be sealed for in camera review as prescribed in Local Rule 141(b). Also, Plaintiff filed on the public docket portions of Daniel Hahn and Stefan Moore's depositions in support of her opposition. Therefore, it is unclear whether Plaintiff desires to have sealed what she has already publically filed or whether Plaintiff seeks to file under seal additional portions of the referenced individuals' depositions.

      Further, Plaintiff neither discusses the applicable sealing standard in her Request to Seal Documents, nor demonstrates that it has been met. See E.D. Cal. 141(b) ("The 'Request to Seal Documents' shall set forth the statutory or other authority for sealing . . . ."). "[A] party seeking to seal a [document] attached to a dispositive motion or one that is presented at trial must articulate 'compelling reasons' in favor of sealing." Williams v. U.S. Bank Ass'n, 290 F.R.D. 600, 604

1  (E.D. Cal. 2013) (quoting Kamakana v. City and Cnty. of Honolulu,
2  447 F.3d 1172, 1178 (9th Cir. 2006)).

> [Plaintiff] cannot provide the compelling reasons necessary to justify the . . . sealing of [the referenced documents] with a few generalized, sweeping sentences. [She] needed (and failed) to specifically address why each document contained . . . information of such a compelling nature as to overcome the strong presumption of public access.

In re LDK Solar Secs. Litig., No. C 07-05182 WHA, 2010 WL 724809, at *1 (N.D. Cal. Mar. 1, 2010).

For the stated reasons, Plaintiff's sealing request is DENIED.

Dated:  April 28, 2015

GARLAND E. BURRELL, JR.
Senior United States District Judge

3