UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANELLE PEREZ,<br><br>        Plaintiff,<br><br>  v.<br><br>CITY OF ROSEVILLE; ROSEVILLE POLICE DEPARTMENT; CHIEF DANIEL HAHN, an individual; CAPTAIN STEPHAN MOORE, an individual; and LIEUTENANT CAL WALSTAD, an individual;<br><br>        Defendants. | No. 2:13-cv-02150-GEB-DAD<br><br>**ORDER DENYING PLAINTIFF'S SEALING REQUEST** |

        On April 29, 2015, Plaintiff submitted for in camera consideration a Request to Seal Documents, a proposed sealing order, and seventy pages of documents sought to be sealed. Plaintiff references the documents requested to be sealed in a publicly filed Notice of Request to Seal Documents as "[a]dditional excerpts from the Deposition of Daniel Hahn; [a]dditional excerpts from the Deposition of Stefan Moore; [and] Doe #3's field training evaluations, specifically, 'Roseville 1077-1134'." (Pl.'s Notice Req. Seal 2:1-4, ECF No. 45 (organizational lettering omitted).) Plaintiff desires to use the referenced documents in support of her opposition to Defendants' pending summary judgment motion and argues in support of her sealing request as follows:

1

> [Plaintiff's] documents . . . contain personnel and training information of current and former City of Roseville Personnel. These individuals have a privacy interest in their personnel records, which are confidential and shielded from disclosure under California state law, as well as the federal common law official information privilege. Pursuant to such, the privacy rights of these individuals, and their records, outweigh public disclosure.

(Id. at 1:24-28.) Plaintiff further argues in her sealing request that "[t]here is no interest in public disclosure here, as none of the affected individuals are parties or otherwise involved in the instant lawsuit[,]" and "[t]he only relevance of the [referenced] records is that they evidence examples of when other male officers were treated more favorably than [P]laintiff." (Pl.'s Req. Seal 2:28-3:3.)

This sealing request is overbroad since Plaintiff has not shown why targeted redactions, and possibly the use of pseudonyms, would not adequately protect the privacy interests of each referenced individual. Sims v. Lakeside Sch., No. C06-1412RSM, 2007 WL 4219347, at *2 (W.D. Wash. Nov. 28, 2007) (indicating that a privacy interest can be addressed "not only by redacting . . . names, but also by replacing those names with pseudonyms" where the need for anonymity has been shown). Because of the strong presumption of access to [court] records, . . . [s]ealing orders . . . must be narrowly tailored." Perry v. City & Cnty. of S.F., No. 10-16696, 2011 WL 2419868, at *21 (9th Cir. 2011). Therefore, "any interest justifying closure must be specified with particularity, and there must be [a showing] that the [sealing requested] is narrowly confined to protect that interest." Id. (internal quotation marks, citation, and emphasis

omitted). "For this reason, any sealing order must . . . use less restrictive alternatives that do not completely frustrate the public's . . . right[] of access." Id. For example, "[i]n many cases, courts can accommodate [privacy] concerns by redacting sensitive information rather than [sealing] the materials entirely." United States v. Bus. of Custer Battlefield Museum & Store, 658 F.3d 1188, 1195 n.5 (9th Cir. 2011); see also Press-Enterprise Co. v. Sup. Ct., 464 U.S. 501, 513 (1984) ("Those parts of the transcript reasonably entitled to privacy could have been sealed without such a sweeping order . . . .").

Here, Plaintiff has failed to identify with the required particularity precisely which portion of each document is actually confidential and needs to be redacted. See, e.g., E.D. Cal. R. 140(b) ("When counsel seeks to submit protected information, a[n] . . . order authorizing redaction should be sought," and counsel may submit both redacted and unredacted documents for in camera review). Rather, Plaintiff in essence invites the Court to guess which portion(s) of the referenced documents she opines must redacted to protect privacy interests.

Therefore, Plaintiff has not satisfied the applicable sealing standard, and her sealing request is denied.

Dated: April 30, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge