1

2

3

4

5

6                     UNITED STATES DISTRICT COURT

7                    EASTERN DISTRICT OF CALIFORNIA

8

9  JANELLE PEREZ,                    No. 2:13-CV-02150-GEB-DAD

10          Plaintiff,

11      v.                           **ORDER GRANTING PLAINTIFF'S**
                                     **REQUEST TO FILE REDACTED**
12  CITY OF ROSEVILLE; ROSEVILLE     **DOCUMENTS**
    POLICE DEPARTMENT; CHIEF
13  DANIEL HAHN, and individual;
    CAPTAIN STEPHAN MOORE, an
14  individual; and LIEUTENANT
    CAL WALSTAD, an individual,
15
            Defendants.
16

17

18          On May 1, 2015, Plaintiff submitted a proposed order

19  that would authorize redaction of certain documents referenced in

20  her opposition to Defendants' summary judgment motion. Plaintiff

21  asserts in the proposed order that the good cause standard

22  applies to her redaction request and refers to the referenced

23  documents in a publicly filed Request for Order Allowing

24  Redaction as follows:

25          a. Additional excerpts from the Deposition of
               Daniel Hahn (Exhibit A to the Declaration of
26             Sean O'Dowd);

27          b. Additional [e]xcerpts from the Deposition
               of Stefan Moore (Exhibit G to the Declaration
28             of Sean O'Dowd);

                              1

1

2

        c. Doe #3's field training evaluations,
           specifically "Roseville 1077-1134" (Exhibit L
           to the Declaration of Sean O'Dowd).

3  (Pl.'s Request Order Allowing Redaction of Information 2:3-8, ECF

4  No. 47.) Plaintiff should know by now that the good cause

5  standard is the wrong standard to be applied to the pending

6  motion. Plaintiff has been informed in two previous orders that

7  that applicable standard requires "a party seeking to seal a

8  [document] attached to a dispositive motion or one that is

9  presented at trial [to] articulate 'compelling reasons' in favor

10 of sealing." Williams v. U.S. Bank Ass'n, 290 F.R.D. 600, 604

11 (E.D. Cal. 2013) (emphasis added) (quoting Kamakana v. City and

12 Cnty. of Honolulu, 447 F.3d 11172, 1178 (9th Cir. 2006)). The

13 requested redacted filing is authorized under the compelling

14 reasons standard with the understanding that the name of the

15 individual referenced in what Plaintiff refers to as "Roseville

16 1077-1134," is replaced with the pseudonym Doe #3. Plaintiff has

17 not shown how the individual or individuals referenced in what

18 Plaintiff refers to as "additional excerpts from the Deposition

19 of Daniel Hahn" and "additional excerpts from the Deposition of

20 Stefan Moore," will be referenced, so this portion of the filing

21 needs clarification and it is Plaintiff's responsibility to make

22 the record pellucid. However, redacted copies of the documents

23 may be filed.

24 Dated:  May 4, 2015

25

26

27 _____
   GARLAND E. BURRELL, JR.
   Senior United States District Judge

28

                                 2